IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **KENNETH SLAUGHTER** ) | |
| ) | |
| *Plaintiff* ) | Case No. 1:22-cv-05787 |
| ) | |
| *v.* ) | Judge Jeremy C. Daniel |
| ) | |
| **HARTFORD LIFE AND ACCIDENT** ) | |
| **INSURANCE COMPANY** ) | |
| ) | |
| *Defendant* ) | |

### HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S MOTION FOR ENTRY OF JUDGMENT UNDER FED. R. CIV. P. 52(a)

Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("Hartford"), by its attorney Warren von Schleicher of Hinshaw & Culbertson LLP, submits its Motion for Entry of Judgment pursuant to Fed. R. Civ. P. 52(a):

1. Plaintiff Kenneth Slaughter ("Slaughter") was employed by The Boeing Corporation as a computer systems engineer at Boeing's St. Louis office. As a benefit of employment, he received disability coverage under the Boeing's long-term disability plan (the "Plan"), pursuant to a group policy issued by Hartford and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA").

2. The parties stipulated that this case is properly adjudicated under Fed. R. Civ. P. 52(a) by applying ERISA's *de novo* standard of judicial review, based on the evidence in the stipulated administrative record.

3. The Plan provides benefits for up to 24 months if the participant is disabled from working in "Your Occupation." There is no dispute that Slaughter's Occupation is properly classified as sedentary.

4. Slaughter claimed to be unable to work in his sedentary Occupation since August 25, 2020 because of his heart condition. Slaughter's heart condition, however, significantly improved after implantation of the ICD (similar to a pacemaker). His cardiologist opined that as of February 2021, Slaughter was able to perform light level work activities, which exceeds the physical functional requirements of his sedentary Occupation.

5. Slaughter has no medical evidence from his treating physicians beyond January 2021. Adjudication under Rule 52(a) is akin to a bench trial on the written evidence, which in this case consists of the stipulated administrative record. As in a bench trial, when the plaintiff fails to proffer evidence to satisfy his burden of proof, like Slaughter in the present case, judgment should be entered for the defendant under Rule 52(a).

6. Slaughter failed to prove he continuously satisfied the Plan's Your Occupation definition of Disability from February 23, 2021 thorough the end of the Your Occupation benefit period on February 22, 2023.

7. Judgment, therefore, should be entered for Hartford under Rule 52(a), including an award of Hartford's reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g).

WHEREFORE, defendant HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY respectfully requests entry of final judgment in its favor pursuant to Fed. R. Civ. P. 52(a), dismissal of Plaintiff's Complaint with prejudice, and an award of its reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g) and the Federal Rules of Civil Procedure.

Respectfully submitted,

Warren von Schleicher (IL- 6197189)  
HINSHAW & CULBERTSON LLP  
151 North Franklin St. Suite 2500  
Chicago, Illinois 60606  
P  312.704.3974  |  F  312.704.3001  
WvonSchleicher@hinshawlaw.com

By: /s/ Warren von Schleicher  
Attorney for Defendant  
Hartford Life and Accident Insurance Company

**CERTIFICATE OF SERVICE**

I certify that on December 1, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney of record listed below:

Matthew R. Davis
Davis Olszeski, LLP
2704 Locust St., Suite 202
St. Louis, Missouri 63103
matt@dodisabilitylaw.com

<u>*/s/ Warren von Schleicher*</u>
Warren von Schleicher (IL 6197189)
HINSHAW & CULBERTSON LLP
151 North Franklin St., Suite 2500
Chicago, Illinois 60606
WvonSchleicher@hinshawlaw.com
